IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DARRIHA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-20-RP |
| | § | |
| METROPOLITAN SECURITY SERVICES, | § | |
| INC. d/b/a WALDEN SECURITY, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court is the motion of Jack Nichols ("Movant") to withdraw as counsel for Plaintiff Darriha Williams ("Plaintiff"). (Dkt. 21). Movant, Defendant, and Plaintiff attended a phone conference regarding the motion on September 2, 2020. (Dkt. 22).

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v. Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision of whether to permit withdrawal lies within the sound discretion of the court. *Wynn*, 889 F.2d at 646.

In the Western District of Texas, there are three additional requirements for a motion to withdraw: (1) the attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney; (2) if the successor attorney is not known, the motion must set forth the client's name, address, and telephone number; and (3) the motion must bear either the client's signature or a detailed explanation as to why the client's signature could not be obtained after due diligence. W.D. Tex. Loc. R. AT-3.

At the conference, all parties agreed to Movant's request. Plaintiff advised the Court that she would proceed with the case *pro se* and attempt to hire a new attorney. Plaintiff was advised that she was responsible for litigating her case. In light of Movant's motion to withdraw, his explanation during the phone conference, and Plaintiff's assent, the Court finds that good cause exists to permit Movant to withdraw. Accordingly, Movant's motion to withdraw, (Dkt. 21), is **GRANTED**.

**SIGNED** on September 3, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE