IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DARRIHA WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-20-RP |
| METROPOLITAN SECURITY SERVICES, INC. d/b/a WALDEN SECURITY, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Metropolitan Security Services, Inc. d/b/a Walden Security's ("Defendant") Motion to Compel Discovery Responses and Limited Extension on Discovery. (Dkt. 26). Plaintiff Darriha Williams ("Plaintiff") did not file a response. Having reviewed the motion and the relevant law, the Court will grant it.

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay

1

the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

In this case, Defendant represents that it "has attempted to confer on numerous occasions with Plaintiff but has yet to receive a response." (Mot. Compel, Dkt. 26, at 1). Defendant asks the Court to compel Plaintiff to respond "completely and meaningfully" and "to extend the discovery period—for the sole purpose of deposing the Plaintiff and obliging her to respond" by January 29, 2021, or thirty days after an order is entered." (*Id.*). Defendant's Motion to Compel was filed on December 22, 2020. (*Id.*). Plaintiff has not filed a response—timely or not—in the intervening weeks. In light of Plaintiff's lack of opposition, the Court will grant Defendant's motion as unopposed. *See* Loc. R. W.D. Tex. CV-7(e)(2) (requiring an opposing party to respond to a nondispositive motion within 7 days and allowing the district court to grant a motion as unopposed if no timely response is filed).

For these reasons, Defendant's Motion to Compel, (Dkt. 26), is **GRANTED**.

Accordingly, **IT IS ORDERED** that Plaintiff fully respond to Defendant's Interrogatories 9, 12, 13, 14, 16, 18 and 19, as outlined in Defendant's Motion to Compel, (Dkt. 26, at 4–8), by **February 12, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff fully respond to Defendant's Document Requests 4, 21, 30, and 31, as outlined in Defendant's Motion to Compel, (Dkt. 26, at 8–10), by **February 12, 2021**.

**IT IS FINALLY ORDERED** that the discovery deadline in this case is extended to **February 12, 2021** for the limited purpose of allowing Defendant to depose Plaintiff.

All other relief not expressly granted to Defendant is denied.

The Clerk of the Court is directed to send this order to Plaintiff at her address on file by certified mail.

**SIGNED** on January 12, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE